J^FOIL, J.
This appeal is by an employer, Grady Crawford Construction, Inc., and its insurer, Bankers Insurance Company, from a decision of the workers’ compensation judge (WCJ), Pamela Moses-Laramore, awarding the claimant, John Melvin Williams, Sr., workers’ compensation benefits and medical expenses. Mr. Williams answered the appeal, asking this court to amend the judgment to specify the nature of his disability, his average weekly wage and his specific weekly benefit. For the following reasons, we so amend and affirm as amended.
FACTS AND PROCEDURAL BACKGROUND
Mr. Williams was employed as a labor leader by Grady Crawford when he sustained an on-the-job lumbar injury on March 30, 1996. At that time, Grady Crawford was insured by Bankers. After the March 30 injury, Bankers paid all of Mr. Williams’ workers’ compensation benefits and medical expenses. Mr. Williams ultimately had back surgery, but was eventually able to return to work with Grady Crawford. However, he continued to have flare-ups of his back condition and would have to stop working. When Mr. Williams returned to work after these occasions, it was always with restrictions. Mr. Williams continued to work on and off for several years, but was never able to return to full-time duty at his 'labor leader position. In the latter part of 1999, he returned to work in a very light-duty position supervising a boring crew. On November 15, 1999, Mr. Williams finished taking a measurement and returned to his truck. He sat in his truck for about 45 minutes filling out paper work, got out of the truck and took a few steps. He immediately felt intense back pain. Mr. Williams was unable to finish work that day and, a few days later, was transported by ambulance to the emergency room. He later saw his treating physician and was diagnosed with a herniated disc in the same area of his back involved in the prior surgery. Mr. Williams has not worked since November 15,1999.
la At the time of the November 15 incident, Grady Crawford was insured by American Interstate Insurance Company. Mr. Williams filed suit against both Bankers and American for the recovery of benefits resulting from the March 30, 1996 and November 15, 1999 incidents. Bankers denied responsibility for benefits stemming from the November 15 incident when Grady Crawford was insured by American. *517 Bankers voluntarily paid workers’ compensation benefits to Mr. Williams, but filed a cross-claim against American seeking reimbursement of all benefits paid after November 15,1999.
Following a hearing on the matter, the WCJ found that the evidence did not establish that a second accident occurred on November 15, 1999. Rather, she concluded that what occurred was simply a progression of the original accident. As such, the WCJ ruled that Bankers is solely responsible for payment of all workers’ compensation benefits. A judgment was rendered to that effect, dismissing Mr. Williams’ claims against American, including his claim for penalties and attorney fees. The WCJ also dismissed Banker’s cross-claim for reimbursement against American.
Grady Crawford and Bankers filed the instant appeal seeking reversal of the WCJ’s judgment. They assert that the WCJ erred in finding that they failed to prove that a second accident occurred on November 15, 1999, and in failing to place greater weight on the opinion of plaintiffs treating physician that the accident on November 15 was the cause of plaintiffs recurrent herniated disc and resulting disability. Appellants also urge that the WCJ erred in failing to award Bankers reimbursement from American, or alternatively, that she erred in failing to hold American solidarity liable for payment of benefits after November 15,1999.
Mr. Williams filed an answer to the appeal, noting that the judgment does not specify the nature of his disability, or his average weekly wage or his specific weekly benefit. He asks this court to reform or amend the judgment to specify these items.
|,.STANDARP OF REVIEW
The standard for reviewing workers’ compensation cases was summarized by the Louisiana Supreme Court in Seal v. Gaylord Container Corp., 97-0688, pp. 4-5 (La.12/02/97), 704 So.2d 1161, 1164, as follows:
Factual findings in workers’ compensation cases are subject to the manifest error or clearly wrong standard of appellate review. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Where there are two permissible views of the evidence, a fact-finder’s choice between them can never be manifestly erroneous or clearly wrong. “Thus, ‘if the [factfinder’s] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.”’ (Citations omitted.)
DISCUSSION
Here, the WCJ specifically found that claimant did not sustain a second accident on November 15, 1999. The factual finding of the WCJ on whether an accident occurred or not is entitled to great weight on appellate review. See Bruno v. Harbert International, Inc., 593 So.2d 357, 364 (La.1992). We have reviewed the evidence and find no manifest error in this factual finding.
La. R.S. 23:1021(1) defines an “accident” under the Louisiana Workers’ Compensation Act as: “an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.” *518 (Emphasis added.) In the instant case, Mr. Williams could not identify a particular event or incident after which his back pain grew worse. Instead, he consistently told numerous people both at work and at the hospital that he suffered spontaneous back pain radiating down to his right foot that resulted from an unknown cause. Further, Mr. Williams consistently reported that he did nothing at work that day to injure his back.
[sIn oral reasons for judgment, the WCJ noted the consistency of Mr. Williams’ version of what occurred on November 15, 1999. Further, she noted the ongoing physical problems that Mr. Williams suffered since the 1996 accident as testified to by both Mr. and Mrs. Williams. It is undisputed that Mr. Williams had varying degrees of discomfort over the years since the accident, and often complained of numbness reaching into his right lower extremity. Further, without a doubt, Mr. Williams had a sporadic, interrupted return-to-work history with Grady Crawford after the 1996 accident.
After a thorough review of the record, we conclude that the WCJ’s finding that claimant did not sustain a second work-related accident is a permissible view of the evidence, which we do not find to be clearly wrong. As such, the WCJ correctly held that Bankers is solely liable for any and all workers’ compensation benefits and medical expenses owed to Mr. Williams.
In his answer to the appeal, Mr. Williams has asked this court to amend the judgment, in the interest of clarity, to specify the nature of his disability, his average weekly wage and his specific weekly benefit. In oral reasons for judgment, the WCJ found that Mr. Williams has been temporarily and totally disabled since November 15, 1999. Further, the parties stipulated at trial that Mr. Williams’ average weekly wage on March 30, 1996 was $396.55, entitling him to indemnity benefits of $264.36 per week. We will amend the judgment to so provide.
CONCLUSION
For the foregoing reasons, the WCJ’s judgment is amended to reflect that Mr. Williams is entitled to temporary total disability benefits of $264.36 per week, based on an average weekly wage of $396.55. As amended, the judgment is affirmed. Costs of this appeal are assessed to Grady Crawford Construction, Inc. and Bankers Insurance Company.
AMENDED AND AFFIRMED.